(11 Misc. Rep. 337.)

### PERKINS v. BRAINARD QUARRY CO.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

COSTS—MOTION FOR NEW TRIAL ON CASE.

> Where a motion for a new trial at special term after trial by jury is based, among other things, "on the settled case herein," it will be regarded as having been made "on a case" within Code Civ. Proc. § 3251, subd. 3, providing that costs as on appeal should be allowed where a motion for a new trial is made on a case.

Appeal from special term.

Action by Frank P. Perkins against the Brainard Quarry Company to recover broker's commissions. From an order directing the clerk to retax defendant's costs awarded to it in denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

W. T. Birdsall, for appellant.

Jacob Fromme, for respondent.

GIEGERICH, J. This action was brought for the recovery of broker's commissions alleged to have been earned by plaintiff's assignor, and resulted in a verdict in favor of the defendant. Upon the coming in of the same the plaintiff made a motion for a new trial upon the minutes, which was denied. Thereafter another application was made at special term, based on the settled case herein, and affidavits and papers theretofore served, upon grounds of surprise and newly-discovered evidence, which was denied, with costs. The clerk having taxed the costs at $10, the defendant moved for a retaxation, contending that by section 3251 of the Code it is entitled to the same costs as upon an appeal. The court below sustained the contention, and ordered a retaxation, from which order the plaintiff has appealed.

Subdivision 3 of section 3251 of the Code, among other things, provides that upon a motion for a new trial upon a case the same sums as upon appeal shall be allowed. The plaintiff's motion at special term was based, among other things, "on the settled case herein," and it may therefore be regarded as having been made "on a case" within the purview of the above-cited provisions of the Code. Consequently, when the motion was denied, the defendant became entitled to the same costs as upon an appeal. Wilcox v. Daggett, 15 Wkly. Dig. 208; Atkinson v. Truesdell (Super. N. Y.) 7 N. Y. Supp. 801. For these reasons, the order appealed from should be affirmed, with costs. All concur.