neous, and should be set aside, and a new trial granted, with $10 costs and disbursements to abide the event of the action there.

HATCH, J., concurs.   WHITE, J., dissents.

(15 Misc. Rep. 78.)

### DAVIS v. GRAND RAPIDS FIRE INS. CO.

(Superior Court of Buffalo, Special Term.   December, 1895.)

COSTS—MOTION FOR NEW TRIAL.

   Where the moving papers ask for a new trial on the ground of newly-discovered evidence, and for "such other or further relief as may be just," the motion for a new trial is one on a case within Code Civ. Proc. § 3251, relating to costs.

Action by Isaac Davis against the Grand Rapids Fire Insurance Company on a fire insurance policy, in which there was a judgment for plaintiff, and a motion for new trial was denied.   Plaintiff moves to tax the costs as on appeal under Code Civ. Proc. § 3251, relating to costs on a case and exceptions.   Motion granted.

M. Shire, for plaintiff.
Sprague, Moot, Sprague & Brownell, for defendant.

TITUS, J.   This action was brought upon a fire insurance policy, and resulted in a verdict for the plaintiff.   After the verdict the defendant moved for a new trial on the minutes of the judge, which was denied.   A motion was then made at the special term upon affidavits and "upon a case containing exceptions as settled herein" for a new trial "upon the ground of newly-discovered evidence, * * * and for such other or further relief as may be just."   The plaintiff insists that he is entitled to the same costs as upon an appeal under the provisions of section 3251 of the Code of Civil Procedure, while the defendant contends that he is entitled to but $10, costs of the motion.   Cases involving facts very similar are cited by the respective counsel.   In Perkins v. Quarry Co., 11 Misc. Rep. 337, 32 N. Y. Supp. 236, the general term of the court of common pleas held that, where a motion was made at special term for a new trial on the ground of newly-discovered evidence based upon affidavits and a case made and settled, "it must be regarded as having been made on a case within the purview of the above-cited provisions of the Code."   In the case of Hosley v. Colerick, in the special term of the supreme court, reported in 9 Civ. Proc. R. 43, it was held, upon a state of facts precisely the same as in Perkins v. Quarry Co., that the plaintiff was not entitled to costs under this section of the Code; Judge Childs, in his opinion, saying: "The whole office of the case on such a motion is to enable the court, by an inspection of the same, to ascertain whether the newly-discovered evidence, as disclosed by the affidavit, is cumulative." These two cases cannot very well be reconciled.   Upon the same state of facts the two decisions are wholly at variance.   If the defendant's motion was for a new trial upon a case, then it is conceded

that he would be entitled to costs. But the defendant claims that his motion for a new trial was simply on the ground of newly-discovered evidence, and that the case was presented to the court to determine that question alone. I think it unnecessary to decide which of the above cases expresses the true rule where the moving papers ask for a new trial on the ground of newly-discovered evidence alone, because in the case before me the defendant in its moving papers, in addition to asking that a new trial be granted it on the ground of newly-discovered evidence, asks for such other or further relief as may be just; thus putting upon the plaintiff and the court the burden of an examination of the case to see whether there was not some error committed on the trial which would warrant the court in reversing the judgment and granting a new trial upon that ground. I think the cases above cited are clearly distinguishable from the facts presented on this application. Here the defendant asks for further relief, and the court would be authorized to grant it if there was any error in the record warranting it. It seems to me, therefore, that the plaintiff is entitled to costs as on a motion for a new trial on a case, and the clerk is instructed to tax the plaintiff's costs accordingly.